```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
LASTRES CAPITAL GROUP LLC,                                  :    MEMORANDUM DECISION
                                                            :    AND ORDER
                              Plaintiff,                    :
                                                            :    21-cv-3141 (BMC)
              - against -                                   :
                                                            :
UNION MUTUAL FIRE INSURANCE CO.,                            :
                                                            :
                              Defendant.                    :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff filed this action alleging defendant's breach of contract under a commercial insurance policy. Plaintiff, a limited liability corporation, alleged jurisdiction based on diversity of citizenship between the parties but failed to adequately allege its own citizenship.

Plaintiff's complaint alleges that plaintiff is organized in New York, has its principal place of business in New York, and that all of its "members are also residents of the State of New York." On June 3, 2021, I issued an Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction, an issue I must raise *sua sponte*. See Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). I explained that, because plaintiff is an LLC, its state of organization and principal place of business are not relevant to the determination of its citizenship. See Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012). Moreover, the conclusory allegation that its "members are also residents" of New York is insufficient because: (1) the complaint must set forth the identity and citizenship of each member individually, see U.S. Liab. Ins. Co. v. M Remodeling Corp., 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020); and (2) "residence" does not determine citizenship, see 147-149 McCarren, LLC v. Holding De Gestion Turistica MIJ Spain S.L., No. 21-CV-950, 2021 WL

878557, at *2 (E.D.N.Y. Mar. 9, 2021).  Plaintiff's allegations raise only the possibility, not plausibility, of citizenship.  See generally Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92 (2d Cir. 2019).

Plaintiff has the burden to establish this Court's subject matter jurisdiction and was afforded a second opportunity to do so following its inadequate pleading in the complaint.  Plaintiff did not respond to the Court's Order to Show Cause by the stated deadline and has provided no additional information from which the Court can determine its citizenship.  Because plaintiff again failed to provide information sufficient to determine its citizenship, this case is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
        June 11, 2021